**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**NOTICE OF EMERGENCY MOTION**

**PLEASE TAKE NOTICE** that on **December 18, 2014 at 10:00 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox,** Bankruptcy Judge, in Courtroom No. 680, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the EMERGENCY APPLICATION OF THE DEBTOR PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) TO RETAIN MORRISANDERSON TO (I) PROVIDE MARKETING SERVICES IN CONNECTION WITH SALE AND (II) PROVIDE A CHIEF TRANSACTIONAL OFFICER FOR THE DEBTOR, a copy of which is attached and herewith served upon you, and at which time and place you may appear if you so desire.

Date: December 16, 2014                             GoPicnic Brands, Inc.

                                                    By: /s/ David R. Doyle
                                                        One of its proposed counsel

                                                    Brian L. Shaw (IL ARDC 6216834)
                                                    Mark L. Radtke (IL ARDC 6275738)
                                                    David R. Doyle (IL ARDC 6303215)
                                                    Shaw Fishman Glantz & Towbin LLC
                                                    321 North Clark Street, Suite 800
                                                    Chicago, IL  60654
                                                    Phone: (312) 541-0151
                                                    Fax: (312) 980-3888
                                                    bshaw@shawfishman.com
                                                    mradtke@shawfishman.com
                                                    ddoyle@shawfishman.com

**CERTIFICATE OF SERVICE**

I, David R. Doyle, the undersigned attorney, hereby certify that I caused the above notice and appended application to be served on the following parties pursuant to the methods indicated below on December 16, 2014.

                                                    /s/ David R. Doyle

{11118-001 MOT A0393098.DOC 7}

*CM/ECF*

- **William J. Barrett**   william.barrett@bfkn.com, mark.mackowiak@bfkn.com
- **Jeremy M Downs**   jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- **David R Doyle**   ddoyle@shawfishman.com, kjanecki@shawfishman.com
- **Jeffrey W Finke**   jwfinke@mindspring.com
- **Zachary J Garrett**   zachary.garrett@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Mark L Radtke**   mradtke@shawfishman.com, jbunton@shawfishman.com
- **Brian L Shaw**   bshaw@shawfishman.com, jbunton@shawfishman.com

*Federal Express Overnight*

Larry Kane
405 Howard Street
San Francisco, CA 94105-2669

Rich Lauter
311 South Wacker Drive
Suite 3000
Chicago, IL 60606

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**EMERGENCY APPLICATION OF THE DEBTOR PURSUANT TO 11 U.S.C.
§§ 105(a) AND 363(b) TO RETAIN MORRISANDERSON TO (I) PROVIDE
MARKETING SERVICES IN CONNECTION WITH SALE AND
(II) PROVIDE A CHIEF TRANSACTIONAL OFFICER FOR THE DEBTOR**

GoPicnic Brands, Inc. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 363(b), hereby files this application on an emergency basis (the "Application") for authority to employ MorrisAnderson & Associates, Ltd. ("MorrisAnderson") to: (a) provide marketing services in connection with a potential sale of substantially all of the assets of the Debtor; (b) provide the Debtor with a Chief Transactional Officer ("CTO") and certain Additional Personnel (defined below); and (c) designate Howard Korenthal as the Debtor's CTO.  In support of this Application, the Debtor respectfully states as follows:

### I.    INTRODUCTION

1.     On December 3, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et. seq.*) (the "Case").  Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.  The Debtor has substantially all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.     This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## II.   RELIEF REQUESTED

3. To assist with its reorganization efforts in this Case, the Debtor requests entry of an order, substantially in the form of the order attached hereto, authorizing the Debtor to retain MorrisAnderson to (i) provide marketing services in connection with a potential sale of substantially all of its assets (a "Sale"); and (ii) provide a CTO and additional employees of MorrisAnderson (the "Additional Personnel" and, collectively with the CTO, the "Engagement Personnel"). Additional Personnel will be employed as necessary to assist Korenthal in the execution of his duties, as set forth more fully herein.

### A.   Retention of MorrisAnderson

4. The Debtor has determined that the services of an experienced restructuring manager will substantially enhance its attempts to maximize the value of its estate through the contemplated sale process. After considering a number of potential candidates, the Debtor selected MorrisAnderson, which is well qualified to act on the Debtor's behalf given its extensive knowledge and expertise with respect to chapter 11 proceedings.

5. The Engagement Personnel specialize in interim management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. MorrisAnderson's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing and validating forecasts and business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow, and supplier relationships;

assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages.

6.      The Engagement Personnel also have extensive experience running and assisting with sale processes for distressed companies in bankruptcy proceedings, including marketing the assets, creating and executing a marketing plan, and communicating with vendors, customers and employees.

7.      Korenthal is a Principal and Chief Operating Officer at MorrisAnderson. He has over 30 years of experience working with financially distressed and underperforming companies, serving in senior management, interim management and consulting roles. He has extensive experience in the areas of profit improvement, cash flow analysis, viability analysis, and negotiation with secured and unsecured creditors, and has also been involved in managing liquidations. His expertise encompasses a broad range of industries, including manufacturing, distribution, and food processing. Korenthal was the Bankruptcy Court appointed Chief Operating Officer of Burr Oak Cemetery and Chief Restructuring Officer of Universal Food and Beverage Company, where the company's assets were marketed and sold under section 363 of the Bankruptcy Code to a strategic buyer.

8.      For these reasons, MorrisAnderson and Korenthal are well qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of this Case. Accordingly, the Debtor submits that the retention of MorrisAnderson and the designation of Korenthal as CTO on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtor's estate, creditors, and all other parties in interest, and should be granted in all respects.

**B.     Scope of Services**

9.     Subject to approval by the Court, the Debtor proposes to retain MorrisAnderson to provide the services of the Engagement Personnel on the terms and conditions set forth below.

10.     Among other things, the Engagement Personnel will support the Debtor as follows:

(a)    The principal task of the Engagement Personnel will be to assist the Debtor and oversee its efforts with respect to marketing and consummating a sale of substantially all of its assets under § 363 of the Bankruptcy Code.

(b)    The Engagement Personnel, in cooperation with the Board of Directors (the "Board") or other applicable officers of the Debtor, shall perform a financial review of the Debtor including, but not limited to, a review and assessment of financial information that has been, and that will be, provided by the Debtor to its creditors.

(c)    The CTO shall assist in oversight, management and operations.

(d)    The CTO shall assist during the Debtor's bankruptcy including, but not limited to, the following tasks:

   (i)     Assisting with the preparation of statements and schedules;
   (ii)    Assisting with the preparation of monthly operating reports;
   (iii)   Assisting with the preparation of cash collateral reports;
   (iv)    Securing the estate's assets and preparing them for either sale or liquidation;
   (v)     Managing the sales process for the Debtor;
   (vi)    Coordinating with creditors and their advisors; and
   (vii)   Assisting attorneys and providing testimony where appropriate with motions, pleadings, the plan of reorganization and disclosure statement and any other type of financial and operational support.

(e)    The CTO shall also serve as a contact with the Debtor's various constituents including, but not limited to, creditors, employees, vendors, payors, and federal authorities with respect to the Debtor's financial and operational matters, particularly as they relate to the bankruptcy case and the sale process.

(f)    The Engagement Personnel shall perform such other services as requested or directed the Board or other officers of the Debtor, and agreed to by MorrisAnderson that is not duplicative of work others are performing for the Debtor.

11. These services are necessary to enable the Debtor to maximize the value of its estate and successfully complete its restructuring and sale process.

**C.    Morris Anderson is a Disinterested Person**

12. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Declaration of Howard Korenthal in support of the Application (the "Korenthal Declaration"), attached hereto as <u>Exhibit A,</u> MorrisAnderson:  (a) has no connection with the Debtor, its creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; and (b) does not hold any interest adverse to the Debtor's estate.

13. Although the Debtor submits that the retention of MorrisAnderson is not governed by § 327 of the Bankruptcy Code, the Debtor attaches the Korenthal Declaration, which discloses, among other things, any relationship that MorrisAnderson, Korenthal or any individual member of the Additional Personnel has with the Debtor, its significant creditors, or other significant parties in interest known to MorrisAnderson.  Based upon the Korenthal Declaration, the Debtor submits that MorrisAnderson is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

14. In addition, as set forth in the Korenthal Declaration, if any new material facts or relationships are discovered or arise, MorrisAnderson will provide the Court with a supplemental declaration.

### III.   TERMS OF RETENTION

**A.   Compensation**

15.   The Debtor proposes a two-part compensation structure to reflect the Engagement Personnel's dual role as marketer of the Debtor's assets and CTO.

16.   First, for services rendered as CTO, MorrisAnderson will be paid by the Debtor at its customary hourly billing rates. The current hourly billing rates, based on the positions of the particular Engagement Personnel, are as follows:

(a)   Principal              $495
(b)   Managing Director      $395
(c)   Director               $350
(d)   Associate Director     $300

Such rates shall be subject to adjustment annually at such time as MorrisAnderson adjusts its rates generally. MorrisAnderson will also seek reimbursement for reasonable and necessary expenses incurred in connection with this Case, including, but not limited to, travel, lodging, computer research, and messenger and telephone charges. Additionally, MorrisAnderson shall be reimbursed for the reasonable fees and expenses incurred in connection with the preparation and approval of this Application. All fees and expenses due to MorrisAnderson will be billed on a monthly basis (the "Hourly Fees and Expenses").

17.   Second, in the event that a Sale is consummated, Morris Anderson will receive a success fee (a "Success Fee") based on the total consideration ("Sale Consideration") received as part of the Sale, according to the following schedule:

| Sale Consideration | Success Fee |
|---|---|
| $2,500,000 | $125,000 |
| $5,000,000 | $250,000 |
| $7,500,000 | $375,000 |
| $10,000,000 | $500,000 |

18. A Sale shall be deemed to have been consummated upon the earliest of any of the following events to occur:

(a) The acquisition of a majority of the outstanding common stock of the Debtor by the Buyer;

(b) A merger or consolidation of the Debtor with or into the Buyer; or

(c) The acquisition by the Buyer of substantially all of the Debtor's assets.

**B. Fees and Reporting**

19. Because MorrisAnderson is not being employed as a professional under § 327 of the Bankruptcy Code, MorrisAnderson will not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. Instead, the Debtor proposes that MorrisAnderson file with the Court, and provide notice to the U.S. Trustee and any and all official committees (together with the U.S. Trustee, the "Notice Parties"), reports of the Hourly Fees and Expenses incurred on at least a monthly basis and, if applicable, any Success Fee earned during that timeframe, as well as the names and tasks filled by all Engagement Personnel (a "Staffing Report"). In the event any party objects to a Staffing Report, the party must submit the objection in writing to the Debtor and the Notice Parties within ten (10) days after the submission of the subject report (a "Notice of Objection to Report"). If the parties are unable to reach an agreement regarding the objection within five (5) days after receipt of such Notice of Objection to Report, the Debtor may then file a motion pursuant to 11 U.S.C. § 363 to pay the disputed fees and the Court would consider and dispose of any objections. The Debtor shall have authority to promptly pay those fees and expenses that are not the subject of a timely objection, including any Success Fee.

20. MorrisAnderson is not receiving a retainer in connection with this engagement. Rather, it will be paid in the ordinary course of the Debtor's operations subject to the terms and conditions set forth above. Given the numerous issues which the Engagement Personnel may be required to address in the performance of their services, MorrisAnderson's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtor submits that the fee arrangement is reasonable.

### IV. APPLICABLE AUTHORITY

21. The Debtor seeks approval of the employment of MorrisAnderson pursuant to section 363 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

22. Under applicable case law, in this and other circuits, the use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when "the transaction makes good business sense" and "preserves the priorities among creditors." *See, e.g., United Retired Pilots Benefits Protection Assn. v United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 572 (7th Cir. 2006) ("the criteria for approval [under § 363(b)(1) is] whether the transaction makes good business sense and does not disturb creditors' rights"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under § 363 involves exercise of fiduciary duty and requires an "articulated business justification").

23. The retention of MorrisAnderson and its professionals is a sound exercise of the Debtor's business judgment. Korenthal has extensive experience as a senior officer and advisor for many troubled companies. The Debtor believes that the Engagement Personnel will provide services that benefit the Debtor's estate and creditors. In light of the foregoing, the Debtor believes that the retention of MorrisAnderson is appropriate and in the best interests of the Debtor and its estates and creditors.

24. The retention of an interim corporate officer and other temporary employees is, therefore, proper under § 363 of the Bankruptcy Code. This Court has authorized retention of officers utilizing this provision of the Bankruptcy Code on numerous occasions. *See*, *e.g.*, *In re West Side Community Hospital, Inc.*, Case No. 13-27091 (Bankr. N.D. Ill. July 24, 2013) [Dkt. No. 42] (Wedoff, J.). Based upon the foregoing, the Debtor submits that the retention of MorrisAnderson, and the designation of Korenthal as CTO on the terms set forth herein, is essential, appropriate, and in the best interest of the Debtor's estate, creditors, and other parties in interest and should be granted in this Case.

## V. NOTICE

25. Notice of this Application has been given to: (a) the United States Trustee; (b) counsel to the Debtor's secured lenders; (c) counsel to the creditors' committee; and (d) any party that has appeared and/or requested notice. The Debtor submits that, under the circumstances, no further notice of the hearing is necessary and requests that any further notice be dispensed with and waived.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto, authorizing the employment of

MorrisAnderson to (a) provide the Debtor marketing services in connection with a Sale; (b) provide the Debtor with a CTO and Additional Personnel; and (c) designate Howard Korenthal as the Debtor's CTO; and granting such other and further relief as the Court deems just and proper.

                                                  Respectfully submitted,

Dated: December 16, 2014                    GOPICNIC BRANDS, INC.

                                                  By    /s/ David R. Doyle
                                                          One of its proposed attorneys

Brian L. Shaw (IL ARDC 6216834)
Mark L. Radtke (IL ARDC 6275738)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
bshaw@shawfishman.com
mradtke@shawfishman.com
ddoyle@shawfishman.com

*Proposed Counsel for Debtor*

{11118-001 MOT A0393098.DOC 7}            10