UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Case No. 14-43382 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**SUPPLEMENTAL OBJECTION OF WELLS FARGO BANK, N.A. TO**
**DEBTOR'S MOTION TO USE CASH COLLATERAL (D.I. 10)**

Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, to supplement its continuing objection to the Debtor's motion to use cash collateral (D.I. 10, "Cash Collateral Motion") and demand for adequate protection of its interests in the Debtor's assets, respectfully states as follows:

1.    Wells Fargo holds a first priority security interest in all or substantially all of the Debtor's assets.  The security interest held by Wells Fargo extends to all cash collateral that the Debtor proposes to use under the Cash Collateral Motion.  The Debtor does not dispute this, and Wells Fargo has filed a proof of claim that constitutes prima facie evidence of the validity and amount of its claim.  See Fed. R. Bankr. P. 3002(f); Emergency Order at ¶ E[1]; Interim Order at ¶ F.[2]

2.    Since the first hearing in this case, Wells Fargo has objected to the Debtor's Cash Collateral Motion and demanded adequate protection, but it has also worked with the Debtor and the United States Trustee to reach two interim orders that have permitted the Debtor to use cash collateral on a week-to-week basis.  This is consistent with Wells Fargo's prepetition dealings

---

[1] Emergency Order Authorizing Use of Cash Collateral and Granting Adequate Protection, D.I. 23.
[2] Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection, D.I. 27.

with the Debtor, where Wells Fargo sought to protect its interests through practical and consensual resolutions with the Debtor before taking adversarial (but permitted) enforcement actions.

3. Now, the Debtor requests to continue using cash collateral to complete the sale process it has been describing to the Court and the parties. This week, the Debtor filed motions to conduct a sale and to engage a new officer to assist in that sale effort. In theory, a prompt sale of its collateral with the support of a cost-effective, experienced transaction officer is something that Wells Fargo would support.

4. Despite the significant loss of collateral that has occurred and was projected to continue through the closing of such a sale, Wells Fargo has been working diligently all week with the Debtor and the Committee to arrive at an agreed form of final cash collateral order that balances the Debtor's goals with Wells Fargo's concerns about the erosion of its collateral. Wells Fargo believes those were fruitful, good faith efforts by all parties that were heading towards an agreed order.

5. However, last night after 10:00 P.M. Central Time, Wells Fargo received the budget under which the Debtor proposes to continue cash collateral use through the completion of its sale process – i.e., the budget that would be attached to a final cash collateral order. A copy is attached hereto as Exhibit 1. The timing of its delivery would not otherwise be relevant, except that it forces this filing this morning, because it greatly changes the landscape of the negotiations and this case and, as a result, may eliminate the agreement that the parties were working toward. This financial forecast predicts even greater loss of collateral will occur than was previously projected. It also tries to mollify this collateral damage by predicting later performance will spring to heights the Debtor has not known since its financial troubles began. The Debtor's projections are the proverbial "hockey-stick", asking Wells Fargo and the Court to ignore the negative performance that has occurred and will continue, because the Debtor promises performance will

-2-

shoot upward in the near future. In addition, the budget requests hundreds of thousands of dollars of cash collateral be paid or set aside for estate professionals, while nothing is offered to replace the hundreds of thousands of dollars of Wells Fargo's collateral that has been and will be lost during this case.  In short, despite the efforts of the parties to negotiate to a result, the Debtor's financial status may not leave room for one.

6. As it has prepetition and throughout this case, Wells Fargo will continue to negotiate with the parties to try to reach a mutually agreeable outcome.  But, if such an agreement cannot be promptly reached, the Debtor must satisfy its evidentiary burden relating to adequate protection of Wells Fargo's interests.

7. Pursuant to Bankruptcy Code § 363(c)(2), Debtor "may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless – (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."  11 U.S.C. § 363(c)(2).  Accordingly, Debtor may not use cash collateral unless Wells Fargo consents or the Court approves the use.

8. On a contested motion to use cash collateral, a Court must permit, prohibit, or condition such use as is necessary to provide adequate protection of the creditor's interest. See 11 U.S.C. § 363(e).  When adequate protection is so required, Code § 361 provides how the Debtor might be able to provide it.  See 11 U.S.C § 361.  Here, the Debtor offers no periodic payments to offset the collateral being lost and has no unencumbered assets to replace such collateral being lost.  At best, the Debtor proposes to conduct a sale process in 6-8 weeks, but the outcome of that exercise is entirely speculative.

9. The debtor-in-possession bears the burden of proof on the issue of adequate protection.  See 11 U.S.C. § 363(p).  To date, the Debtor has offered no evidence to help meet this burden, and Wells Fargo believes the Debtor cannot meet this burden.

10. Accordingly, if the parties cannot reach an agreement that would provide Wells Fargo's consent to cash collateral use, the Court must deny the Cash Collateral Motion.

Dated: December 18, 2014

Respectfully submitted,

WELLS FARGO BANK, N.A.

By: /s/ Jeremy M. Downs
     One of Its Attorneys

Jeremy M. Downs, Esq. (ARDC# 6272155)
Zachary J. Garrett, Esq. (ARDC# 6295028)
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000 (main)
(312) 332-2196 (fax)

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 18, 2014, a true and correct copy of the foregoing **SUPPLEMENTAL OBJECTION OF WELLS FARGO BANK, N.A. TO DEBTOR'S MOTION TO USE CASH COLLATERAL (D.I. 10)** was filed with the Clerk of the Court using the CM/ECF filing system, which then sent notification of this filing via email to the following counsel of record:

- William J. Barrett    william.barrett@bfkn.com, mark.mackowiak@bfkn.com
- Shelly A. DeRousse    sderousse@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Jeremy M Downs    jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Jeffrey W Finke    jwfinke@mindspring.com
- Zachary J Garrett    zachary.garrett@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Elizabeth L Janczak    ejanczak@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Richard S Lauter    rlauter@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Mark L Radtke    mradtke@shawfishman.com, jbunton@shawfishman.com
- Brian L Shaw    bshaw@shawfishman.com, jbunton@shawfishman.com

Dated: December 18, 2014         /s/ Jeremy M. Downs
                                 Jeremy M. Downs, Esq.  (ARDC# 6272155)
                                 Zachary J. Garrett, Esq. (ARDC# 6295028)
                                 GOLDBERG KOHN LTD.
                                 55 East Monroe Street, Suite 3300
                                 Chicago, Illinois  60603
                                 (312) 201-4000 (main)
                                 (312) 332-2196 (fax)