**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**ORDER: (A) APPROVING THE SALE PROCESS AND BIDDING PROCEDURES WITH RESPECT TO THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE; (B) SCHEDULING A PUBLIC AUCTION AND AUTHORIZING THE SALE OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the **"Sale Motion"**) of GoPicnic Brands, Inc., the debtor and debtor-in-possession (the **"Debtor"**) in the above-captioned chapter 11 case (the **"Chapter 11 Case"**), for the entry of orders approving: (i) bidding procedures in connection with a potential sale of substantially all of its assets at auction; (ii) the sale of substantially all of the Debtor's assets free and clear of liens, claims and interests; (iii) the assumption and assignment of related executory contracts and unexpired leases; and (iv) limited notice with respect thereto (the "**Sale Motion**"); it appearing that the relief requested in the Sale Motion is in the best interest of the Debtor's estate and its creditors; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Sale Motion and the opportunity to object being a core proceeding pursuant to 28 U.S.C. § 157; adequate notice of the Sale Motion having been given to all parties entitled thereto; and it appearing that no other notice need be given or is required under the circumstances; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT[1]:**

---

[1] Findings of fact shall be constructed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate.

{11118-001 MOT A0393690.DOCX 4}                 1

A. The Debtor has articulated good and sufficient reasons for approval of the Bidding Procedures, and the Bidding Procedures are reasonable and appropriate to maximize the return on the Acquired Assets.[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED, EFFECTIVE IMMEDIATELY:**

1. The Sale Motion is hereby granted in part and to the limited extent provided herein.

2. The Bidding Procedures set forth on Exhibit 1 attached and made a part hereof, including all deadlines, set forth therein (the **"Approved Bidding Procedures"**), are approved in all respects.

3. All persons or entities who submit a Qualified Bid for any of the Assets shall be deemed to have read and understood the terms and conditions of the Approved Bidding Procedures and shall comply with and be bound by such Approved Bidding Procedures.

4. All objections to the Bidding Procedures that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled.

5. The notice of hearing and auction dates for the sale (the **"Asset Sale"**) of the Assets and related deadlines, attached hereto as Exhibit 2 (the **"Sale Notice"**) is hereby approved and shall be served by the Debtor as provided further herein.

6. An auction (the **"Auction"**) for the Assets shall take place on January 27, 2015 at 9:30 a.m. (Central) at the offices of Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago, IL 60654, or such later time or other places as the Debtor shall notify all Qualified Bidders.

---

[2] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the Sale Motion.

{11118-001 MOT A0393690.DOCX 4}                              2

7.  The Court shall conduct a hearing to consider the approval of the Sale and the additional relief requested in the Sale Motion (the "**Sale Hearing**"), on January 29, 2015, at 10:30 a.m. at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 644 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, or such later time or other place as the Debtor shall notify all Qualified Bidders.

8.  The initial deadline for the submission of the Qualified Bids (the "**Bid Deadline**") shall be on or before 5:00 p.m. prevailing Central Standard Time on January 23, 2015.

9.  All written objections to the Sale of the Assets must be filed on or before noon prevailing Central Standard Time on January 28, 2015 (the "**Sale Objection Deadline**"), with the Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building 219 S. Dearborn Street, Room 713, Chicago, Illinois, with a copy served on or before the Sale Objection Deadline upon (i) counsel for the Debtor, Brian L. Shaw, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago IL 60654, (ii) Wells Fargo Bank, National Association, c/o Zachary J. Garrett, Goldberg Kohn Ltd., 55 East Monroe St., Ste. 3300, Chicago, IL 60603, and (iii) counsel for the Creditors' Committee, Richard Lauter, Freeborn & Peters LLP, 311 S. Wacker Dr., Ste. 3000, Chicago, IL 60606.

10. At the Auction, the Debtor shall be entitled and is hereby authorized, subject to further order of this Court, to offer to sell the Assets free and clear of all liens, claims, encumbrances and interests consistent with the terms and conditions set forth in the Sale Motion and the Approved Bidding Procedures, with all such liens, claims, encumbrances, and interests to attach to the proceeds of the Assets with the same extent, validity, priority, force and effect as applied against the Assets.

11. On or before January 7, 2015, the Debtor will serve a notice substantially in the form attached hereto as <u>Exhibit 3</u> (the "**Assumption Notice**") and serve same on each non-debtor counter-party to all executory contracts and unexpired leases which the Debtor may elect to assume and assign in conjunction with the Sale. The Assumption Notice shall state the Cure Amounts that the Debtor believes are necessary to assume such contracts and leases pursuant to section 365 of the Bankruptcy Code and shall notify the non-debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Assets to be identified at the conclusion of the Auction (the **"Proposed Assumption/Assignment"**).

12. The Assumption Notice shall set the same date as the Sale Objection Deadline as the deadline by which all non-debtor parties shall file written objections to the Cure Amount or the Proposed Assumption/Assignment. The Court shall conduct a hearing at the time of the Sale Hearing to resolve any and all disputes with respect to the Cure Amount and to consider the Proposed Assumption/Assignment.

13. Pursuant to Bankruptcy Rules 2002(a) and 6004, the Debtor be and is hereby ordered and directed to serve a copy of the Sale Notice and the Approved Bidding Procedures to: (i) the Lenders and their counsel, (ii) counsel to the United States Trustee; (iii) all entities reasonably known by the Debtor to have an Interest in the Assets to be sold; (iv) the creditors identified on the Debtor's list of creditors holding the twenty largest unsecured claims; (v) counsel to the Official Committee of Unsecured Creditors; (vi) all parties to Executory Contracts and Unexpired Leases, provided, however, that notice to such entities should be permitted in accordance with the specific procedures outlined herein and service shall be deemed sufficient if to their counsel or their designees where an entry of appearance has been made; and (vii) all parties that have requested notice in this Case, by regular mail no later than January 7, 2015, and

such manner of notice is hereby found to be adequate and sufficient notice of the relief sought in the Sale Motion, including the Sale of the Assets and the assumption and assignment of Executory Contracts and Unexpired Leases.

14. Any notice recipient may obtain a copy of the APA, the Sale Motion and any Exhibits attached thereto upon request directed to counsel for the Debtor, Brian L. Shaw, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago, Illinois 60654 (312-980-3864) (bshaw@shawfishman.com).

Dated:                                          ENTER:

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

*This order prepared by:*
Mark L. Radtke
Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654
Tel.: 312-541-0151

# EXHIBIT 1

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**GOPICNIC BRANDS, INC. – Bidding and Sale Procedures**

These Bidding Procedures describe the process by which the above-captioned debtor and debtor-in-possession (the **"Debtor"**) is authorized to conduct a sale by an open-cry auction (the **"Auction"**) of substantially all of its assets. These Bidding Procedures were approved by order dated _____ (the **"Bidding Procedures Order"**) of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the **"Court"**) pursuant to that certain GoPicnic Brands, Inc.'s Motion for Entry of Orders (A) Approving Bidding Procedures and Auction Notice in Connection with Sale of Substantially All of Its Assets; (B) Approving Such Sale; and (C) Granting Related Relief (the **"Sale Motion"**)[1]. Copies of the Sale Motion will be made available upon request.

**(1) Assets to be Sold**

The Debtor proposes these Bidding Procedures under which prospective bidders, if any, may qualify for and participate in the Auction, thereby competing to make the highest and best offer(s) for all or less than all of the Debtor's assets, but in all events expressly excluding any and all (a) cash and cash equivalents owned by the Debtor in any form and in any account, (b) avoidance actions of the Debtor or its bankruptcy estate under Chapter 5 of the Bankruptcy Code, including, without limitation, §§ 547, 548, and 550, and (c) claims and causes of action of any kind or nature whatsoever of Debtor, in law or in equity, against the Debtor's secured creditors (including, without limitation, Wells Fargo and its affiliates), equity holders, directors and officers (collectively, the **"Acquired Assets"**). The sale of the Acquired Assets shall be on an "AS IS, WHERE IS" and "WITH ALL FAULTS" basis and without any representations or warranties, express, implied or statutory, written or oral of any kind, nature or description whatsoever.

**(2) Bidding Procedures Notice**

As soon as practicable after the date on which the Court enters the Bidding Procedures Order, the Debtor will serve by first-class mail the Bidding Procedures on i) the Lenders and their counsel; (ii) counsel to the United States Trustee; (iii) all entities reasonably known by the Debtor to have an Interest in the Assets to be sold; (iv) the creditors identified on the Debtor's

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed in the Sale Motion.

{11118-001 MOT A0393690.DOCX 4}                1

list of creditors holding the twenty largest unsecured claims; (v) counsel to the Official Committee of Unsecured Creditors; (vi) all parties to Executory Contracts and Unexpired Leases; and (vii) all other entities that have filed requests for notice pursuant to Bankruptcy Rule 2002.

### (3) Confidentiality Agreement and Selection of Bidders

Potential bidders (the **"Bidders"**) for the Acquired Assets shall be required to complete and execute a confidentiality agreement. When making a bid for the Acquired Assets (a **"Bid"**), all such bidders must abide by the various Bidding Procedures outlined herein. Only those Bidders submitting Bids in material compliance (in the Debtor's sole discretion) with the Bidding Procedures (each a **"Qualified Bid"**) will be eligible for consideration at the Auction (each a "**Qualified Bidder**"). The Debtor shall require Bidders to present satisfactory financial qualifications before such Bidder may be deemed to have submitted a Qualified Bid.

### (4) Due Diligence

Upon execution of a confidentiality agreement, and submission of their financial qualifications, the Debtor will provide Bidders with reasonable access to the Debtor's books, records, and all executives, a perimeter tour of its facility, and other information reasonably requested for the purpose of conducting due diligence prior to the Auction. By participation in the Auction, all Bidders are deemed to acknowledge that they have had sufficient and reasonable access to the Debtor's books, records, and executives for the purposes of conducting due diligence and having the opportunity to conduct such due diligence at the time of submission of its Qualified Bid.

Only a Qualified Bidder shall be allowed to conduct a production tour of the Debtor's facilities. A production tour of the facilities for Qualified Bidders will be conducted on a date to be announced after the deadline for bid submissions set forth in paragraph 5(a) below, and at such other dates and times to be determined by the Debtor.

Each Qualified Bidder shall provide to the Debtor, within two (2) business days after the Debtor's request therefor, any information reasonably required by the Debtor in connection with its evaluation of such Qualified Bid.

### (5) Submission of Bids

To become a Qualified Bidder with a Qualified Bid eligible to participate in the Auction, a Bidder submitting a Bid must, among other things, comply with all of the following provisions of this section:

(a) Any Bidder desiring to qualify for participation in the Auction must deliver its Bid in writing to: (i) GoPicnic Brands, Inc., c/o Brian L. Shaw, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago, IL 60657; (ii) Wells Fargo Bank, National Association, c/o Zachary J. Garrett, Goldberg Kohn Ltd., 55 East Monroe St.,

{11118-001 MOT A0393690.DOCX 4}   2

Ste. 3300, Chicago, IL 60603; and (iii) Richard Lauter, Freeborn & Peters LLP, 311 S. Wacker Dr., Ste. 3000, Chicago, IL 60606; such that the Bid is actually received by each of the foregoing persons not later than 5:00 p.m. prevailing Central Standard Time, on or before January 23, 2015.  Bids received after this deadline may be rejected in the sole discretion of the Debtor after consultation with Wells Fargo and the Creditors' Committee.

(b) A Qualified Bid must include: (i) an executed Asset Purchase Agreement (**"APA"**) substantially similar to the APA appended to the Sale Motion; and (ii) a redlined version of the APA marked to show changes thereto.

(c) A Qualified Bid must include an earnest money deposit equal to at least five percent (5%) of the total amount of such bid in immediately available U.S. funds (a **"Deposit"**). Prior to the Bid Deadline, the Deposit is to be delivered to the Debtor and shall be maintained in an interest-bearing account unless impracticable, and shall be subject to the jurisdiction of the Court. Such Deposit shall be forfeited by a Bidder who submits the Successful Bid, but fails to close in breach of the applicable APA.

(d) Each Qualified Bid must (i) represent that the Bidder is prepared to immediately initiate all actions necessary to obtain all other applicable regulatory approvals, if any, for the Bid; and (ii) provide its best estimate of the time within which such approvals will be obtained.

(e) Each Qualified Bid must (unless otherwise determined by the Debtor after consultation with Wells Fargo and the Creditors' Committee) (i) remain irrevocable through the "Sale Hearing," as hereinafter defined; (ii) clearly state that all consideration to be paid at closing shall be cash; (iii) not contain any financing contingency, or be subject to any further due diligence review, board approval, or the receipt of any third party consents; (iv) give sufficient indicia that the Bidder or its representative is legally empowered, by power of attorney or otherwise, and financially capable, to both bid on behalf of the Bidder and also to complete and sign, on behalf of the Bidder, a binding and enforceable APA, including as such agreement may be amended at the Auction; (v) identify each and every executory contract or unexpired lease, the assumption and assignment of which is a condition to closing, and provide evidence of the Bidder's ability to comply with section 365 of the Bankruptcy Code; (vi) be for all of the Acquired Assets or detail the specific Acquired Assets to which the Bid applies; (vii) not request or entitle the Bidder to any termination or break-up fee, expense reimbursement or similar type of payment or deduction; and (viii) provide for an effective closing date on or before February 6, 2015.

(f) Each Qualified Bid must disclose (i) the identity of the Bidder and each entity participating in connection with such Bid, and the complete terms of such participation, and (ii) any other agreements, term sheets or other written or oral understandings between the Bidder and its affiliates, on one hand, and any insider (as defined in 11 U.S.C. § 101(31)) of the Debtor, on the other hand.

(g) Each Qualified Bid must provide either bank statements or letters demonstrating available liquid assets or available financing to support its Bid, and/or any other financial disclosures and information that may be required by the Debtor.

(h) Any party seeking to make a Qualified Bid through a credit bid, in whole or in part, pursuant to rights provided under Section 363(k) of the Bankruptcy Code, must clearly indicate the amount of such bid which will constitute its credit bid and submit support for such amount by providing a copy of a Proof of Claim actually filed in the above-captioned chapter 11 case of the Debtor (the "**Chapter 11 Case**").

(i) Notwithstanding anything herein to the contrary, and without regard to any of the requirements or conditions set forth herein relating to the qualification of Qualified Bidders or Qualified Bids, Wells Fargo is and will be a Qualified Bidder for all purposes and may credit bid all or any portion of the Prepetition Debt under Bankruptcy Code Section 363(k), which credit bid will in all events constitute a Qualified Bid hereunder.

**(6)** **Auction and Selection of a Successful Bid and a Backup Bid**

The Auction will be held on January 27, 2015, at 9:30 a.m. (Central) at the offices of Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago, IL 60654, or at such later time or other place as the Debtor shall advise all Qualified Bidders. The Auction shall be conducted in the presence of a certified court reporter, who shall transcribe the proceedings for purposes of creating and preserving a record of the Auction.

The Debtor will not consider bids other than Qualified Bids as described herein. The only persons who will be permitted to bid at the Auction are Wells Fargo and other Qualified Bidder(s). The Qualified Bidder(s) must appear in person at the Auction or through a duly-authorized representative. If multiple Qualified Bids are received, each Qualified Bidder shall have the right continue to improve its Qualified Bid at the Auction. Prior to the Auction, the Debtor shall evaluate each Qualified Bid that it has received and shall, in consultation with Wells Fargo and the Creditors' Committee, select the bid that it determines in good faith to be the highest and best offer(s) and, as of the commencement of the Auction, this will constitute a "Superior Proposal" for the Acquired Assets. The Debtor shall notify each party submitting a Qualified Bid of the Qualified Bid considered by the Debtor to be the Superior Proposal not less than 24 hours prior to the commencement of the Auction, and notify Wells Fargo, the Creditors' Committee and each of the other Qualified Bidders of the terms and conditions of such Superior Proposal.

Any Qualified Bidder may be required to confirm that it has not engaged in any collusion with respect to the Bidding Procedures or the Sale.

The identity of each Qualified Bidder at the Auction and the material terms of its Qualified Bid will be fully disclosed to all other Qualified Bidders at the Auction.

Bidding will commence with the announcement of the highest Qualified Bidder and will proceed with subsequent overbids in an amount to be determined by the Debtor in consultation

with Wells Fargo and the Creditors' Committee.  By participating at the Auction each Qualified Bidder agrees that each bid made shall serve as a "Backup Bid" (as defined below) at the price of such bid.

The Qualified Bid determined by the Debtor in its sole discretion, after consultation with Wells Fargo and the Creditors' Committee, to be the highest and best offer for the Acquired Assets at the Auction (the **"Successful Bid"**) may be submitted by the Debtor for approval by the Court.  The Debtor will also determine in its sole discretion, after consultation with Wells Fargo and the Creditors' Committee, the bidder of the next highest and best Qualified Bid (the **"Backup Bid"**) for such Acquired Assets.

In determining the Successful Bid, the Debtor will consult with Wells Fargo and the Creditors' Committee and consider all relevant factors, and it may reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that, in the Debtor's sole discretion after consultation with Wells Fargo and the Creditors' Committee, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Debtor, its estate, and its creditors.  In addition, the Debtor shall have the right in the exercise of its fiduciary duties, to adopt such other rules relating to these Bidding Procedures and to conduct the Auction that, in its business judgment, will better promote the goals of the bidding process, the Bankruptcy Code and the Bidding Procedures Order.

At or before the Sale Hearing, the Debtor may, with the consent of Wells Fargo and the Creditors' Committee, which consent shall not be unreasonably withheld, waive or impose such other terms and conditions of sale as it may determine to be in the best interests of the Debtor's estate, its creditors and other parties in interest.

 (7) **Sale Hearing**

Any Qualified Bid that is accepted by the Debtor, after consultation with Wells Fargo and the Creditors' Committee, at the Auction as the Successful Bid or the Backup Bid will be subject to approval by the Court. Please be advised that the hearing to approve the Successful Bid (the **"Sale Hearing"**) will be held before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 680 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois on January 29, 2015 at 10:30 a.m.

 (8) **Return of Deposits**

Except as otherwise set forth herein, as soon as practicable after the conclusion of the Sale Hearing, the Debtor shall return to each unsuccessful Qualified Bidder its Deposit, together with any interest paid thereon to the extent that such Deposit was held in a separate interest bearing account.  The Deposit of the Qualified Bidder who submits the Backup Bid shall be held until the later of the Closing of the Successful Bid or the date on which the Backup Bid may become the Successful Bid, and upon such event the Deposit shall be applied at Closing.

**(9)** **Failure to Close the Purchase of the Acquired Assets**

If any Bidder making the Successful Bid fails to close the purchase of any of the Acquired Assets when the Debtor has not breached the APA, such party's Deposit, together with any interest accrued thereon, shall be forfeited to and retained irrevocably by the Debtor. In such circumstances, the Backup Bidder shall be obligated to hold open its best Qualified Bid for fifteen (15) calendar days after entry of the Sale Order, and be subject to the Bidding Procedures as if such bidder were originally determined to have submitted the Successful Bid.

**(10)** **Closing**

Following approval by the Court of the Successful Bid, the Debtor shall use its commercially reasonable efforts to consummate the Court-approved transaction within two (2) business days after the Auction or as otherwise set forth in the applicable APA, but in all events not later than February 6, 2015.

Each Deposit shall be applied by the Debtor against the purchase price to be paid by the Qualified Bidder that submitted the Successful Bid at the closing of the transaction approved by the Court.

**(11)** **Miscellaneous**

Nothing contained in the foregoing or in the Bidding Procedures Order shall create any rights in any other person or bidder (including, without limitation, rights as third party beneficiaries or otherwise) other than the rights in favor of the Debtor, the Creditors' Committee and Wells Fargo and any rights expressly granted to the Successful Bidder under the Bidding Procedures Order.

The terms and conditions of these Bidding Procedures are subject in all respects to the terms and conditions of any order entered by the Court from time to time in the Chapter 11 Case relating to the Debtor's use of cash collateral.

These Bidding Procedures may not be modified except with the prior written consent of Wells Fargo and the Creditors' Committee or upon further order of the Court.

Except as provided in the Bidding Procedures Order and Bidding Procedures, the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of the Bidding Procedures Order.

# EXHIBIT 2

**EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**NOTICE OF SALE OF SUBSTANTIALLY ALL OF THE ASSETS**
**OF GOPICNIC BRANDS, INC.**

TO:   THE OFFICE OF THE UNITED STATES TRUSTEE, THE CREDITORS OF THIS ESTATE, AND OTHER PARTIES IN INTEREST:

**PLEASE TAKE NOTICE AS FOLLOWS:**

1.   **Chapter 11 Filing** - On December 3, 2014, GoPicnic Brands, Inc. ("**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the case captioned above (the "**Chapter 11 Case**"). Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2.   **Sale Motion** - On December 12, 2014, the Debtor filed a motion for the entry of orders authorizing (i) bidding procedures in connection with a potential sale of substantially all of its assets at auction; (ii) the sale of substantially all of the Debtor's assets free and clear of liens, claims and interests; (iii) the assumption and assignment of related executory contracts and unexpired leases; and (iv) limited notice with respect thereto (the "**Sale Motion**").

3.   **Entry of Sales Procedure Order** - On December __, 2014, the Bankruptcy Court entered that certain Order ("**Bidding Procedures Order**") granting the Sale Motion in part and thereby establishing a sale process and Auction to be conducted in accordance with the bidding procedures attached hereto as Exhibit A.

4.   **Auction** - Under the Bidding Procedures Order, the Debtor is authorized to conduct a public auction (the "**Auction**") of substantially all of the assets of the estate (the "**Acquired Assets**") on January 27, 2015 at 9:30 a.m. (Central) at the offices of Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago, IL 60654, or at such later time or other place as the Debtor shall advise all Qualified Bidders. The Acquired Assets shall be sold free and clear of any and all liens, claims, encumbrances and interests, with any and all validly determined liens, claims, interests or encumbrances to attach to the proceeds of the sale with the same extent, validity, priority, force and effect as applied against the Assets (the "**Asset Sale**").

5. **Sale Hearing** - The Court will conduct a hearing to consider the approval of the Asset Sale on January 29, 2015 at 10:30 a.m. at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 680 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois (the **"Sale Hearing"**).  The Sale Hearing may be adjourned, continued or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing.  At the Sale Hearing, the Debtor will request approval of the sale of the Acquired Assets to the Bidder submitting the Successful Bid pursuant to the entry of a final and non-appealable order approving the sale of the Acquired Assets (the **"Sale Order"**), and approval of the Back-Up Bidder.

6. **Objections** - **Any objection to the sale of the Acquired Assets must be filed in writing on or before Noon prevailing Central Standard Time on January 28, 2015** (the **"Sale Objection Deadline"**), with the Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building 219 S. Dearborn Street, Room 713, Chicago, Illinois, with a copy served on or before the Sale Objection Deadline upon (i) counsel for the Debtor, Brian L. Shaw, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago IL 60654; (ii) Wells Fargo Bank, National Association, c/o Zachary J. Garrett, Goldberg Kohn Ltd., 55 East Monroe St., Ste. 3300, Chicago, IL 60603; and (iii) counsel for the Creditors' Committee, Richard Lauter, Freeborn & Peters LLP, 311 S. Wacker Dr., Ste. 3000, Chicago, IL 60606.

7. **Copies** - Copies of the Sale Motion and the Asset Purchase Agreement will be made available upon request directed to counsel for the Debtor at the address noted below.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: December __, 2014 | GOPICNIC BRANDS, INC. |
| | By  /s/ _____ |
| | One of its proposed attorneys |

Brian L. Shaw (IL ARDC 6216834)
Mark L. Radtke (IL ARDC 6275738)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
bshaw@shawfishman.com
mradtke@shawfishman.com
ddoyle@shawfishman.com

*Proposed Counsel for Debtor*

# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**NOTICE OF SALE AND INTENDED ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION THEREWITH**

TO THE NON-DEBTOR PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES, PLEASE TAKE NOTICE AS FOLLOWS:

1.  **Chapter 11 Filing**.  On December 3, 2014, GoPicnic Brands, Inc. (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the case captioned above. Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.  **Sale Motion**.  On December 12, 2014, the Debtor filed a motion requesting that the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**") enter an order authorizing: (i) bidding procedures in connection with a potential sale of substantially all of its assets at auction (the "**Sale**"); (ii) the sale of substantially all of the Debtor's assets free and clear of liens, claims and interests; (iii) the assumption and assignment of related executory contracts and unexpired leases; and (iv) limited notice with respect thereto (the "**Sale Motion**," and all undefined terms herein shall have the meanings set forth in the Sale Motion).

3.  **Sale and Assignment Hearing**.  The Court will conduct a hearing to consider the approval of the Sale on January 29, 2015 at 10:30 a.m. at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 680 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois (the **Sale and Assignment Hearing**"). At the Sale and Assignment Hearing, the Debtor will request approval of the Successful Bid and related Asset Purchase Agreement ("**APA**"), and the assignment to the Purchaser of the contracts listed on Exhibit A (attached hereto) pursuant to the entry of a final order approving the sale of substantially all assets of the estate.

4.  **Notice of Assignment and Cure Amount**.  Set forth on Exhibit A is a list of entities that are parties to executory contracts and expired leases that the Debtor may seek to have assumed and assigned to the Successful Bidder at the Auction pursuant to the Sale Motion (the "**Proposed Assignment**"). Exhibit A also contains cure amounts the Debtor believes are necessary to assume and assign such contracts and leases pursuant to § 365 of the Bankruptcy Code (the "**Cure Amount**").  Any non-debtor party that objects to the Proposed Assignment or

the Cure Amount shall be entitled to appear at the Sale and Assignment Hearing and object to the proposed assumption and assignment of its contract or lease to the Successful Bidder.

5. **Objections**. **Any objection to the Proposed Assignment and/or the Cure Amount must be (a) filed in writing on or before Noon prevailing Central Standard Time on January 28, 2015 (the "Objection Deadline")**, with the Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building 219 S. Dearborn Street, Room 713, Chicago, Illinois, (b) served to be actually received on or before the Objection Deadline by (i) counsel for the Debtor, Brian L. Shaw, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago IL 60654; (ii) Wells Fargo Bank, National Association, c/o Zachary J. Garrett, Goldberg Kohn Ltd., 55 East Monroe St., Ste. 3300, Chicago, IL 60603; and (iii) counsel for the Creditors' Committee, Richard Lauter, Freeborn & Peters LLP, 311 S. Wacker Dr., Ste. 3000, Chicago, IL 60606; and (c) presented by such objecting party at the Sale and Assignment Hearing to have its objection considered by the Court. Be advised that if you do file an objection your attorney will be expected to attend the Sale and Assignment Hearing or the Court may grant the relief sought in the Sale Motion over such written objection.

6. **Copies**. Copies of the Sale Motion and the APA will be made available upon request directed to counsel for the Debtor, David R. Doyle, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St., Ste. 800, Chicago, IL 60657; 312-980-3864; ddoyle@shawifishman.com.

Dated: December __, 2014          GOPICNIC BRANDS, INC.

                                  By  /s/
                                     One of its proposed attorneys

Brian L. Shaw (IL ARDC 6216834)
Mark L. Radtke (IL ARDC 6275738)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
Fax: (312) 980-3888

*Proposed Counsel for Debtor*

{11118-001 MOT A0393690.DOCX 4}