**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | GoPicnic Brands, Inc. |
| Date of Order Authorizing Employment: | December 29, 2014 |
| Period for Which Compensation is Sought: | December 3, 2014 – November 4, 2015 |
| Amount of Fees Sought: | $173,114 |
| Amount of Expense Reimbursement Sought: | $6,356.14 |
| This is a(n): | ☐ Interim Application         ☒ Final Application |

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

| | |
|---|---|
| Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Date:   October 12, 2015 | By:   /s/ *Mark L. Radtke* |
| | One of its Members |

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GOPICNIC BRANDS, INC. | Hon. Jacqueline P. Cox |
| Debtor. | Case No. 14-43382 |

**NOTICE OF MOTION**

TO:   See appended service list.

PLEASE TAKE NOTICE that on **November 4, 2015, at 9:30 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, Bankruptcy Judge, in Courtroom 680, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing motions, and shall then and there present the **First and Final Application of Shaw Fishman Glantz & Towbin LLC as Counsel to Debtor for Approval of Fees and Reimbursement of Expenses**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Date: October 12, 2015

/s/ Mark L. Radtke
Brian L. Shaw (IL ARDC 6216834)
Mark L. Radtke (IL ARDC 6275738)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
Fax: (312) 980-3888
bshaw@shawfishman.com
mradtke@shawfishman.com
ddoyle@shawfishman.com

**CERTIFICATE OF SERVICE**

Mark L. Radtke certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the attached Service list in the manner so indicated on this 12th day of October.

/s/ Mark L. Radtke

*CM/ECF*

- William J. Barrett    william.barrett@bfkn.com, mark.mackowiak@bfkn.com;gregory.demo@bfkn.com
- Shelly A. DeRousse    sderousse@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Jeremy M Downs    jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Jeffrey W Finke    jwfinke@mindspring.com
- Zachary J Garrett    zachary.garrett@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Elizabeth L Janczak    ejanczak@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Cindy M. Johnson    cjohnson@jnlegal.net, KLindsey@jnlegal.net
- Richard S Lauter    rlauter@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Mark L Radtke    mradtke@shawfishman.com, jbunton@shawfishman.com
- Brian L Shaw    bshaw@shawfishman.com, jbunton@shawfishman.com

**U.S. Mail**

Freeborn & Peters LLP
311 South Wacker Drive Suite 3000
Chicago, IL 60606

IPFS Corporation
30 Montgomery Street
Suite 1000
Jersey City, NJ 07302

**Email**

bret.lorenc@gopicnic.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Case No. 14-43382 |

**FIRST AND FINAL APPLICATION OF SHAW FISHMAN
GLANTZ & TOWBIN LLC AS COUNSEL TO DEBTOR FOR
APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel for GoPicnic Brands, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to section 330(a) of title 11, United States Code ("Bankruptcy Code"), Fed. R. Bankr. P. 2002(a)(6), 2002(i), and 2016(a), and Local Bankruptcy Rule 5082-1, applies to this Court (the "Application") for allowance and payment of $173,114 in fees for 440.80 hours rendered as counsel to the Debtors (the "Fees") and reimbursement of $6,356.14 in expenses (the "Expenses") incurred incidental to those services, during the period of December 3, 2014 through the hearing on this Application (the "Application Period"), and respectfully states as follows:

**Introduction**

1. On December 3, 2014 (the "Petition Date"), the Debtor filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case ("Case"). The Debtor continues to manage and operate its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed. The United States Trustee appointed a committee of unsecured creditors on or about December 17, 2014.

{11118-001 APPL A0417872.DOCX 2}

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. Additional information about the Debtor's business and capital structure and the events leading to its bankruptcy is set forth in *GoPicnic Brands, Inc.'s Motion for Entry of Orders (A) Approving Bidding Procedures and Auction Notice in Connection with Sale of Substantially All of Its Assets; (B) Approving Such Sale; and (C) Granting Related Relief* [Dkt. No. 30] (the "Sale Motion").

**Retention of Shaw Fishman**

5. On or about December 12, 2014, the Debtor filed the *Debtor's Application for Approval of its Retention of Brian L. Shaw and Shaw Fishman Glantz & Towbin LLC as its Attorneys and for Approval of Compensation Arrangement* [Dkt. No. 33] (the "Retention Application"). The Retention Application sought authority to employ Shaw Fishman to provide legal services in connection with the bankruptcy case, including:

   a. To give the Debtor legal advice with respect to its rights, powers and duties as a debtor in possession in connection with administration of its estate and operation of its business;

   b. To advise the Debtor with respect to asset dispositions, including sales, abandonments, and assumptions or rejections of executory contracts and unexpired leases, and take such actions as may be necessary to effectuate those dispositions;

   c. To assist the Debtor in the negotiation, formulation and drafting of a chapter 11 plan;

   d. To take such actions as may be necessary with respect to claims that may be asserted against the Debtor and property of its estate;

   e. To prepare applications, motions, complaints, orders and other legal documents as may be necessary in connection with the appropriate administration of the case;

    f.   To represent the Debtor with respect to inquiries and negotiations concerning creditors and property of its estate;

    g.   To initiate, defend or otherwise participate on behalf of the Debtor in all proceedings before this Court or any other court of competent jurisdiction; and

    h.   To perform any and all other legal services on behalf of the Debtor that may be required to aid in the proper administration of this Case that are consistent with the terms of Shaw Fishman's engagement letter.

6.    On December 29, 2014, the Court entered the *Order Approving Retention of Brian L. Shaw and Shaw Fishman Glantz & Towbin LLC as Attorneys of Debtor and Approving Compensation Arrangement* [Dkt. No. 62] (the "Retention Order"), which granted the Retention Application and authorized the Debtor to hire Shaw Fishman effective as of the Petition Date.

### Services Rendered by Shaw Fishman

7.    Throughout the Application Period, Shaw Fishman provided 440.8 hours of professional services to the Debtor with a value of $173,114. All of the services for which compensation is requested were consistent in scope to those outlined in the Retention Application and were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

8.    In order to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into 12 categories, as follows:

| Category | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 76.7 | 32,236.50 |
| Cash Collateral | 45.3 | 20,338.00 |
| Creditors and Claims | 43.0 | 15,281.00 |
| Employee Issues | .7 | 353.50 |

| Category | Total Hours | Total Fees Incurred |
|---|---|---|
| Executory Contracts | 7.2 | 2,386.00 |
| Fee Applications | 16.5 | 5,465.00 |
| Plan of Reorganization | .8 | 362.50 |
| Retention of Professionals | 42.2 | 15,374.50 |
| Sale of Assets | 146.2 | 64,021.50 |
| Statements and Schedules | 53.0 | 14,037.50 |
| Unexpired Leases | 5.6 | 2,072.00 |
| Utility Issues | 3.6 | 1,186.00 |

9. A detailed invoice (the "Invoice") with each time category is attached hereto as Exhibit A. The following is a separate description of each category which generally describes the tasks performed (with the exception of categories with fees of less than $2,500, which are fully described in the Invoice). The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time spent in each category.

10. *Case Administration.* This category includes services related to the administration of the Debtor's bankruptcy estate, as well as tasks that addressed multiple substantive areas. Specific tasks included: (i) communicating with the Debtor's officers and employees on various operational issues; and (ii) assisting the Debtor in its efforts to comply with certain disclosure and operational requirements of the U.S. Trustee. Shaw Fishman expended 69.7 hours of professional services having a value of $29,576.50 in connection with this category. In addition, between the date of this Application and the hearing on the Application, Shaw Fishman anticipates spending an additional 7 hours of time, at a blended rate of $380 per hour, related to the Case Administration category, for a total of $2,660, for which Shaw Fishman seeks allowance and approval.

11. *Cash Collateral.* This category includes services related to the Debtor's use of cash collateral. Specific tasks included: (i) drafting a motion to approve the Debtor's use of cash collateral and related interim and final proposed orders; (ii) negotiating with counsel for Wells Fargo, the Debtor's prepetition secured lender, regarding the use of cash collateral; (iii) reviewing

{11118-001 APPL A0417872.DOCX 2}                          4

cash collateral "flash" reports; and (iv) preparing for and appearing at related hearings. Shaw Fishman expended 45.3 hours of professional services having a value of $20,338 in connection with this category.

12. ***Creditors and Claims.*** This category includes services pertaining to the Debtor's various creditors and claims administration. Specific tasks included: (i) responding to various inquiries from prepetition creditors; (ii) drafting a motion for entry of a claims bar date and related notice and exhibits; (iii) negotiating with a telecommunications provider regarding its refusal to port services to the Debtor's new location; (iv) analyzing the prepetition unsecured and § 503(b)(9) claims filed by creditors of the Debtor; (v) preparing and serving preference demand letters and analyzing the various defenses asserted by the transfer recipients; (vi) coordinating the settlement of preference actions by counsel to the official committee of unsecured creditors; (vii) drafting a motion to approve settlements with preference defendants; and (viii) preparing for and appearing at related hearings. Shaw Fishman expended 43 hours of professional services having a value of $15,281 in connection with this category.

13. ***Fee Applications.*** This category includes services related to the fee applications of the various estate professionals. Specific tasks included: (i) conferring with MorrisAnderson regarding its compensation and reviewing and revising its fee application; (ii) drafting a motion to modify MorrisAnderson's retention with respect to its compensation; (iii) preparing this Fee Application; and (iv) preparing for and appearing at related hearings. Shaw Fishman expended 16.5 hours of professional services having a value of $5,465.00 in connection with this category.

14. ***Retention of Professionals.*** This category includes services related to the retention of the Debtor's professionals. Specific tasks included: (i) drafting applications to employ Imperial Capital (the Debtor's prepetition investment banker), Shaw Fishman (general bankruptcy counsel),

Synergy Law Group (special counsel), and MorrisAnderson (financial advisor); (ii) communicating and negotiating with the professionals regarding their retention; and (iii) preparing for and attending related hearings. Shaw Fishman expended 42.2 hours of professional services having a value of $15,374.50 in connection with this category.

15. **Sale of Assets.** This category includes services related to the sale of substantially all of the Debtor's assets pursuant to § 363(b) of the Bankruptcy Code. Specific tasks included: (i) negotiating with counsel for Wells Fargo and the unsecured creditors committee; (ii) drafting a sale motion, bid procedures, and related proposed orders; (iii) preparing an asset purchase agreement; (iv) coordinating the sale process with MorrisAnderson, including reviewing and finalizing the confidential information memorandum to be sent to potential purchasers, responding to inquiries from potential purchasers, reviewing bids, consulting with MorrisAnderson on various issues, reviewing revised asset purchase agreements from potential bidders, and preparing and attending the auction for the sale of the Debtor's assets; (v) drafting a bill of sale and assumption and assignment agreement related to the sale; and (vi) preparing for and attending related hearings. Shaw Fishman expended 146.2 hours of professional services having a value of $64,021.50 in connection with this category.

16. **Statements and Schedules.** This category relates to the preparation of the Debtor's schedules. Specific tasks included: (i) communicating with MorrisAnderson and various employees of the Debtor in connection with the preparation of its bankruptcy schedules; (ii) drafting the Debtor's schedules and statement of financial affairs and exhibits and amendments thereto; and (iii) preparing and updating the list of the Debtor's creditors. Shaw Fishman expended 53 hours of professional services having a value of $14,037.50 in connection with this category.

17.     In summary, the total compensation sought for each professional during the Application Period is as follows:

| Professional | Position | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Brian L. Shaw | Member | 74.2 | $505 | $37,471 |
| Mark L. Radtke | Member | 180.4 | $450 | $81,180 |
| John W. Guzzardo | Associate | .2 | $375 | $75 |
| David R. Doyle | Associate | 144.8 | $310 | $44,888 |
| Patricia M. Fredericks | Paralegal | 34.2 | $200 | $6,840 |

18.     The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Debtor in connection with the case. Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

19.     Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtor. In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to appear in Court at the same time. Also, Shaw Fishman only appeared on matters within the scope of the Retention Order. Similarly, on certain occasions, Shaw Fishman had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the cases. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis. Given the complexity of the issues involved, however, it was necessary for more than one Shaw Fishman attorney to be involved in certain meetings and court appearances.

20.     Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard have

inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

**Expenses**

21. The aggregate amount of expenses for which reimbursement is being sought is $6,356.14. All of the expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from its clients. An itemization of the expenses is listed below:

| | |
|---|---|
| Conference Call | $26.38 |
| Internal Photocopy | $849.50 |
| Federal Express | $224.18 |
| Filing Fees | $1,893.00 |
| Miscellaneous | $1,850.00 |
| Messenger | $18.55 |
| PACER | $108.70 |
| Parking/Taxi | $259.27 |
| Postage | $1,014.13 |
| Westlaw | $90.36 |
| Working Meals | $22.07 |
| **Total** | $6,356.14 |

22. All expenses incurred by Shaw Fishman incidental to its services were customary and necessary. All expenses billed to the Debtors were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

**Unapplied Payments Received by Shaw Fishman**

23. As disclosed in the Retention Application, Shaw Fishman received a prepetition advance payment retainer (the "Prepetition Retainer") with a balance of $2,416.86.[1] The Retention Order also authorized the Debtor to pay Shaw Fishman a retainer after the Petition Date in the amount of $50,000 (the "Postpetition Retainer"), which Shaw Fishman holds in its client funds account. Shaw Fishman seeks authority to apply both the Prepetition Retainer and the Postpetition Retainer pursuant to this Application.

**Compliance with 11 U.S.C. § 504**

24. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

**Request for Limited Notice**

25. Shaw Fishman provided 21 days' notice of this Application to the United States Trustee, counsel for the Committee, and all parties requesting notice via CM/ECF, U.S. mail, or email. Shaw Fishman requests that the Court finds this notice sufficient under the circumstances.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a) Approves and allows Shaw Fishman $173,114 in compensation and $6,356.14 in expense reimbursement for the Application Period (the "Fee and Expense Request");

---

[1] The Retention Application mistakenly stated that the balance of the Prepetition Retainer on the Petition Date was $6,632.86—in fact, at that time, Shaw Fishman had not reduced the Prepetition Retainer to reflect certain fees that the Debtor incurred prepetition in the amount of $4,216.00.

{11118-001 APPL A0417872.DOCX 2}    9

(b)      Approves application of the Prepetition Retainer and Postpetition Retainer to the Fee and Expense Request;

(c)      Determines that Shaw Fishman has an allowed chapter 11 administrative claim for all amounts of the Fee and Expense Request not paid through application of the Prepetition Retainer and Postpetition Retainer;

(d)      Waives other and further notice of the hearing with respect to this Application; and

(e)      Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: October 12, 2015      By:   */s/ Mark L. Radtke*
                                                             One of its attorneys

Brian L. Shaw (IL ARDC 6216834)
Mark L. Radtke (IL ARDC 6275738)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
bshaw@shawfishman.com
mradtke@shawfishman.com
ddoyle@shawfishman.com