UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Case No. 14 B 43382 |
| GOPICNIC BRANDS, INC., ) | |
| ) | Chapter 11 |
| ) | |
| ) | Honorable Jacqueline P. Cox |
| Debtor. ) | |
| _____ ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO SHAW FISHMAN GLANTZ & TOWBIN LLC, ATTORNEYS FOR DEBTOR, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $173,114.00 | TOTAL COSTS REQUESTED: | $6,356.14 |
| TOTAL FEES REDUCED: | 0.00 | TOTAL COSTS REDUCED: | 349.63 |
| TOTAL FEES ALLOWED: | $173,114.00 | TOTAL COSTS ALLOWED: | $6,006.51 |

### TOTAL FEES AND COSTS ALLOWED: $ 179,120.51

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(1)   Meal Expenses – TOTAL of disallowed amounts: $ 90.36**

The Court denies the allowance of reimbursement of this meal expense. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

**(2)   Overhead Costs are Non-Compensable – TOTAL of disallowed amounts: $ 259.27**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses which are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent

extraordinary circumstances, the Court will not reimburse an applicant for local parking and transportation at the estate's expense. *See id.* At 940-44.

Dated:  December 15, 2015

*Jacqueline P. Cox*
_____
Jacqueline P. Cox
United States Bankruptcy Judge