UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| GOPICNIC BRANDS, INC., | ) | CASE NO:   14 B 43382 |
| | ) | |
| | ) | HEARING DATE:   Wednesday, January 3, 2018 |
| DEBTOR. | ) | HEARING TIME:   9:30 AM |
| | ) | |
| | ) | HONORABLE JACQUELINE P. COX |
| | ) | U.S. BANKRUPTCY JUDGE |

## NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **January 3, 2018**, at the hour of **9:30 a.m.**, I shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, or any Judge sitting in her stead, in Courtroom 680, 219 South Dearborn Street, Chicago, Illinois, and then and there present **TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTEREST AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**, a copy of which is attached hereto, made a part hereof, and herewith served upon you.

/s/ Karen R. Goodman
Karen R. Goodman, Trustee

Karen R. Goodman, Esq. (#1008242)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 966-8480

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that copies of this **Notice and Trustee's Motion for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief** were served upon the above persons via ECF and by placing copies of same in the U.S. Mail at 111 East Wacker Drive, Chicago, Illinois, with proper postage prepaid on **December 7, 2017.**

/s/ Karen R. Goodman
Karen R. Goodman, Trustee

## SERVICE LIST

United States Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604

David R Doyle
Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654

Mark L Radtke
Shaw Fishman Glantz & Towbin LLC
321 N Clark St Ste 800
Chicago, IL 60654

Brian L Shaw
Shaw Fishman Glantz & Towbin LLC
321 N Clark Street
Suite 800
Chicago, IL 60610

Ryan S. Nadick
Assistant General Counsel
Oak Point Partners
5215 Old Orchard Road, Suite 965
Skokie, Illinois 60077

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 14-B-43382 |
| GOPICNIC BRANDS, INC., | ) | |
| | ) | HEARING DATE: Wednesday, January 3, 2018 |
| Debtor. | ) | HEARING TIME:   9:30 A.M. |
| | ) | |
| | ) | HONORABLE JACQUELINE P. COX |
| | ) | U.S. BANKRUPTCY JUDGE |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER
APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S
ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Karen R. Goodman, Chapter 7 trustee ("Trustee") for the bankruptcy estate (the "Estate") of the above captioned debtor ("Debtor"), requests the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On December 3, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On January 21, 2016, the case was converted to one under Chapter 7 of the Bankruptcy Code.

5. Subsequently, the Trustee was appointed Interim Trustee by the United States Trustee, accepted her appointment and since the first meeting of creditors on March 9, 2016, is the duly appointed Chapter 7 trustee in this case.

6. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with its power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

7. Although the Trustee is not aware of any assets of the Debtor's Estate which have not been administered, it is possible that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

8. The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets. A copy of the Purchase Agreement is appended hereto as <u>Exhibit A</u> and to the proposed Order filed with this Motion.

### Requested Relief

9. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to

sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

10. The Purchase Agreement generally provides for an aggregate purchase price of $4,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

11. In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; and (ii) the Purchase Price for the Remnant Assets.

12. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

### Bidding Procedures

13. Contemporaneously herewith, the Trustee has filed the Notice of Hearing of Proposed Sale of Certain Assets of the Debtor's Estate (the "Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline"). A copy of the Notice is attached herewith as Exhibit B.

14. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant

Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

    a. Each Interested Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

    b. each initial overbid for the Remnant Assets must be at least $6,000.00;

    c. each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

    d. in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

15. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

**Authority for Requested Relief**

16. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17. To approve use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing);

*Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.")..

18. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

19. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of business judgment, and is in the best interest of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any

benefit to the Estate.

20. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

21. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

   a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   b. Such entity consents;

   c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   d. Such interest is in bona fide dispute; or

   e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

22. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be

approved by the Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

23. As set forth herein, the Trustee submits that the sale of the Remnant Assets is a prudent exercise of its business judgment under the circumstances, and is in the best interest of the Debtor's Estate and creditors. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would not realize any benefits on account of the Remnant Assets. Finally, the Purchase Price for the sale is reasonable and has been negotiated at arm's length. Therefore, the Trustee respectfully requests that the Court grant the Motion.

### Waiver of Stay of Order

24. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### Notice

25. The Trustee requests that notice to creditors as required by Bankruptcy Rule 2002(a) be limited to the Debtor, the U.S. Trustee and all creditors that hold claims for which proof of claims have been filed in accordance with Bankruptcy Rule 2002(b). There are

currently over five hundred and eighty (580) creditors listed on the Debtor's Schedules, but only seventy-four (74) creditors have filed proof of claims. Serving all of the Debtor's scheduled creditors would result in an additional, unnecessary expense to the Estate with no added benefit to the Debtors' creditors.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          KAREN R. GOODMAN, not individually, but as
          Ch. 7 Trustee of GoPicnic Brands, Inc.,

          By  /s/Karen R. Goodman
              Trustee

Karen R. Goodman (#1008242)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive – Suite 2800
Chicago, Illinois 60601
Telephone:   (312) 527-4000
Facsimile:   (312) 966-8480
E-Mail:   kgoodman@taftlaw.com